# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MARIE THERESE NOLAN,
    individually, and as special administrators
on behalf of Estate of John Benjamin Kraai,

    Plaintiff,

vs.

CITY OF LAS VEGAS, *et al.*,

    Defendants.

Case No. 2:15-cv-01346-JAD-CWH

**ORDER**

This matter is before the Court on Plaintiff Marie Therese Nolan's ("plaintiff") Ex Parte Motion for Extension of Time (doc. # 26) and Motion for Service by Publication (doc. # 28), both filed December 18, 2015.

## BACKGROUND

The complaint in this matter was filed on July 15, 2015. See Doc. # 1. By way of the motions currently before the Court, plaintiff seeks: (1) a sixty (60) day extension to complete service under Fed. R. Civ. P. 4 for Defendants Fred Dein and McNastys Auto & Cycle ("defendants"); and (2) an order permitting service by publication under Nev. R. Civ. P. 4. Attached to plaintiff's motions are identical affidavits from plaintiff's process server detailing attempts to locate and serve defendants. See Doc. # 26 at 8-16; Doc. # 28 at 8-16.

## DISCUSSION

**1.**    **Ex Parte Motion for Extension of Time (doc. # 26)**

Plaintiff requests a sixty (60) day extension of time to serve defendants. Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP") states that:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period...

Fed. R. Civ. P. 4(m).

Courts have broad discretion to extend time for service under Rule 4(m). <u>Efaw v. Williams</u>, 473 F.3d 1038, 1041 (9th Cir. 2003). The period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." <u>Henderson v. United States</u>, 517 U.S. 654, 661 (1996). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service" and "authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." <u>See</u> Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. <u>See</u> Wright & Miller, <u>Federal Practice and Procedure: Civil 3d</u> § 1337.

As a preliminary matter, the Court notes that at the time plaintiff filed her complaint, Rule 4(m) of the FRCP allowed 120 days within which to serve defendants. Nevertheless, the Court has little difficulty finding good cause for the requested extension, especially in light of the affidavits provided by plaintiff's process server reporting in detail the efforts made to locate and serve defendants. <u>See</u> Doc. # 26 at 8-16. Thus, the request for sixty (60) additional days to complete service is granted.

**2.     Motion for Service by Publication (doc. # 28)**

Plaintiff also requests an order permitting service by publication pursuant to Nev. R. Civ. P. 4.

Under Rule 4(e)(1), service may be accomplished on an individual, other than a minor, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located and where service is made[.]" In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. It generally requires personal service of the summons and complaint upon individual defendants. Alternatively, service may be accomplished by leaving the summons and complaint at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion residing therein or by delivering the summons and complaint to an agent authorized to receive service. Nev. R. Civ. P. 4(d)(6). If personal service proves impossible, Rule 4(e)(1)(I) of the NRCP provides that a party may move for service by publication when the opposing party "resides

out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons."

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating due diligence in attempting to personally serve the defendant. In evaluating due diligence, courts look to several factors. See Price v. Dunn, 787 P.2d 785, 786-87 (Nev. 1990); Abreu v. Gilmer, 985 P.2d 746, 747 (Nev. 1999); McNair v. Rivera, 874 P.2d 1240, 1241 (Nev. 1994). There is no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has characterized the analysis as one measured by the quality of service efforts. Abreu, 985 P.2d at 749 ("Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or what is not, due diligence. The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.").

The Court has reviewed the record and finds that serving defendants by publication is not appropriate at this time. As plaintiff's own process server makes clear, additional time is required to attempt service upon defendants at three different addresses, which indicates to this Court that plaintiff has failed to exhaust viable means for locating defendants, and personal service on defendants may still be possible. Consequently, the request to serve by publication is denied without prejudice.

**CONCLUSION AND ORDER**

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Ex Parte Motion for Extension of Time (doc. # 26) is **granted**. The time for service under Fed. R. Civ. P. 4(m) is extended to **February 19, 2016**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Service by Publication (doc. # 28) is **denied without prejudice**.

DATED: December 21, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

3