**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIE THERESE NOLAN,<br>    individually, and as special administrators<br>    on behalf of Estate of John Benjamin Kraai,<br><br>                Plaintiff,<br>vs.<br><br>CITY OF LAS VEGAS, *et al.*,<br><br>                Defendants. | Case No. 2:15-cv-01346-JAD-CWH<br><br>**ORDER** |

This matter is before the Court on Plaintiff Marie Therese Nolan's ("plaintiff") renewed Ex Parte Motion for Extension of Time (doc. # 32) and Motion for Service by Publication (doc. # 33), both filed February 16, 2016.

**BACKGROUND**

The complaint in this matter was filed on July 15, 2015. See Doc. # 1. By way of the renewed motions currently before the Court, plaintiff seeks a thirty-five (35) day extension to complete service for Defendants Fred Dein and McNastys Auto & Cycle ("defendants"), and an order permitting service by publication. The Court notes that it previously denied plaintiff's request to serve the defendants by publication, but extended the time to serve both defendants until February 19, 2016. See Doc. # 29.

**DISCUSSION**

**1.      Service by Publication (doc. # 33)**

Plaintiff asks to be allowed to serve defendants by publication, claiming she has diligently attempted to serve defendants by other acceptable means without success.

//

Rule 4(e)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that service may be accomplished on an individual, other than a minor, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located and where service is made." In Nevada, Rule 4 of the Nevada Rules of Civil Procedure ("NRCP") governs service of parties under state law. Rule 4 generally requires personal service of the summons and complaint upon individual defendants. Alternatively, service may be accomplished by leaving the summons and complaint at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion residing therein, or by delivering the summons and complaint to an agent authorized to receive service. See Nev. R. Civ. P. 4(d)(6). When personal service proves impossible, Rule 4 provides that a party may move for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals himself to avoid the service of summons." Nev. R. Civ. P. 4(e)(1)(i).

A party seeking service by publication must seek leave of court by filing an affidavit demonstrating due diligence in attempting to personally serve the defendant. In evaluating due diligence, courts look to several factors. See Price v. Dunn, 787 P.2d 785, 786-87 (Nev. 1990); Abreu v. Gilmer, 985 P.2d 746, 747 (Nev. 1999); McNair v. Rivera, 874 P.2d 1240, 1241 (Nev. 1994). There is no "objective, formulaic standard" for determining due diligence, but the Nevada Supreme Court has characterized the analysis as one measured by the quality of service efforts. Abreu, 985 P.2d at 749 ("Despite our previous decisions on this issue, we note that there is no objective, formulaic standard for determining what is, or what is not, due diligence. The due diligence requirement is not quantifiable by reference to the number of service attempts or inquiries into public records. Instead, due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant.").

Based on information submitted to this Court for review, the Court finds that plaintiff has demonstrated due diligence in her efforts to serve defendants. Plaintiff made diligent efforts to verify defendants' addresses and to locate defendants for service. The retained third-party server also displayed diligent efforts to serve defendants by checking various registries, attempting personal service at various addresses, and speaking with individuals at the sites visited, whenever possible, to obtain information regarding defendants' whereabouts. Consequently, the Court grants plaintiff's request.

**2.     Extension of Time for Service (doc. # 32)**

Plaintiffs asks for an additional thirty-five (35) days to effectuate service by publication on defendants.

In determining plaintiff's request, this Court turns to Rule 4(m) of the FRCP. Under Rule 4(m), service must be accomplished within 120 days from the date a court order is entered. According to Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Courts have broad discretion to extend time for service under Rule 4(m). Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2003). The 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." Henderson v. United States, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period." Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337.

The initial 120-day time period to effectuate service has passed. The Court also notes that the time for service was previously extended to February 19, 2016. See Doc. # 29. Nevertheless, the Court finds that plaintiff has been diligent in her ongoing efforts to serve defendants, and good cause exists for the additional thirty-five (35) days requested to accomplish service in this case. Thus, the Court grants plaintiff's request.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's renewed Ex Parte Motion for Service by

Publication (doc. # 33) is **granted**.

  **IT IS FURTHER ORDERED** that plaintiff's Motion for Extension of Time (doc. # 32) is **granted**. Plaintiff has an additional thirty-five (35) days to effect service by publication on defendants.

  DATED: March 7, 2016

               _____
               **C.W. Hoffman, Jr.**
               **United States Magistrate Judge**